IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Criminal No. 3:09CR335–HEH |
| CHRISTOPHER J. RUFFIN, ) | |
| ) | |
| Petitioner. ) | |

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Christopher Ruffin ("Ruffin"), a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion"). (ECF No. 40.) Ruffin argues entitlement to relief based on the following:

Claim One: Counsel provided ineffective assistance in failing to advise Ruffin that the Government lacked sufficient evidence to convict Ruffin of 18 U.S.C. § 924(c), possession of a firearm in furtherance of a drug trafficking crime (Mem. Supp. § 2255 Mot. 4, ECF No. 42), which was dismissed pursuant to the Plea Agreement. If Counsel had advised Ruffin of the Government's insufficient evidence in regards to the § 924(c) charge, Ruffin would not have accepted the plea agreement and would have proceeded to trial. (Reply Br. 5, ECF No. 45.)

For the reasons set forth below, the claim will be dismissed.

### I. PROCEDURAL HISTORY

On September 22, 2009, a grand jury indicted Ruffin on three counts: Manufacture and Possess with Intent to Distribute Marijuana, in violation of 21 U.S.C. § 841 (Count One); Possession of a Firearm in Furtherance of a Drug Trafficking Crime,

in violation of 18 U.S.C. § 924(c) (Count Two); and Possession of a Firearm by a Felon, in violation of 18 U.S.C. § 922(g)(1) (Count Three). (Indictment 1–2, ECF No. 1.)

The Government filed a Notice of Intent of United States to Enhance Sentence, due to Ruffin's two prior felony convictions for Possession of Marijuana with the Intent to Distribute. (1–2, ECF No. 10.) The enhanced sentence augmented the maximum statutory sentence that Ruffin could receive under Count One, 21 U.S.C. § 841, such that Ruffin faced up to ten years of imprisonment. *See* 21 U.S.C. § 841(b)(1)(D).

Counsel negotiated a plea agreement with the Government pursuant to which Ruffin pled guilty to Count One and Count Three, and the Government agreed to dismiss Count Two. (Plea Agreement 1, 6, ECF No. 12.) The Plea Agreement provided for a recommended disposition as to sentencing. Specifically,

> Pursuant to Federal Rule of Criminal Procedure Rule 11(c)(1)(B), and in consideration of the promise of the United States at the conclusion of the case to dismiss Count 2 of the Indictment that charge[d] [Ruffin] with a violation of Title 18, U.S.C. § 924(c), the parties agree[d] to recommend to the Court at sentencing that the appropriate disposition of this case [was] a sentence of 240 months of incarceration, composed of a sentence of 120 months of incarceration on Count One and a sentence of 120 months of incarceration on Count Three, the sentence imposed on Count Three to run consecutively to the sentence imposed on Count One.

(*Id.* ¶ 1.d.) The parties further agreed that "no suspended prison time now pending against defendant in cases 01–409–F and 03–662–F [in the Circuit Court of the

2

City of Richmond] will be revoked as a result of defendant's conviction in this matter." (*Id.* ¶ 11.)[1]

Ruffin stipulated "that had the matter gone to trial, the United States would have proven each and every one of the factual allegations beyond a reasonable doubt." (Statement of Facts 1, ECF No. 13.) Ruffin stipulated to the following facts:

> 1. On or about July 22, 2009, in the Eastern District of Virginia and within the jurisdiction of this Court, CHRISTOPHER J. RUFFIN did knowingly, intentionally, and unlawfully manufacture and possess with the intent to distribute a mixture and substance containing detectable amounts of marijuana, in violation of Title 21, United States Code, Section 841.
> 2. On or about July 22, 2009, in the Eastern District of Virginia and within the jurisdiction of this Court, CHRISTOPHER J. RUFFIN, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly and unlawfully possess a firearm, to wit: a Rossi .38 caliber revolver, model M68, serial number AA515407, in and affecting interstate commerce, in violation of Title 18, United States Code, Section 922(g)(1).
> 3. On July 22, 2009, Richmond City Police Officers executed a search warrant at 117 East Blake Lane, Richmond, Virginia. This address is the residence of defendant CHRISTOPHER J. RUFFIN.
> 4. The officers seized 29 marijuana plants; approximately 216.5 grams of marijuana; a loaded Rossi .38 caliber revolver; multiple rounds of assorted ammunition of various calibers; digital scales; and $271.00 in United States currency.

---

[1] In case No. 01–409–F, the Circuit Court of the City of Richmond ("Circuit Court") convicted Ruffin of Possession with Marijuana with Intent to Distribute. (Presentence Report, ¶ 40.) The Circuit Court sentenced Ruffin to sixty months of incarceration, but suspended all but six months. (*Id.*) In 2003, Ruffin was convicted of a new felony drug offense, case No. 03–662–F, (*see id.* ¶ 41), which resulted in the Circuit Court revoking his probation in No. 01–409–F. (*Id.* ¶ 40.) Ruffin served an additional three months of his suspended sentence. (*Id.*) It appears that Ruffin still has fifty-one months of prison time pending due to his conviction in case No. 01–409–F. (*See id.*)

In case No. 03–662–F, Ruffin was convicted for Possession of Marijuana with Intent to Distribute. (*Id.* ¶ 41.) He received a ten-year sentence, but had nine years and nine months suspended. (*Id.*) Ruffin's probation was revoked in 2005, which resulted in him serving an additional nine months in jail. (*Id.*) Ruffin currently has nine years of prison time pending due to his conviction in case No. 03–662–F. (*See id.*)

3

     5. Defendant was arrested and, after being advised of his *Miranda* rights, admitted that he had possessed the revolver for a long time and knew he should have gotten rid of it because he is a felon. Defendant advised the officers that everything seized from the house belonged to him, and that he occasionally sells marijuana to his friends.

     6. Prior to July 22, 2009, defendant was convicted of a crime punishable by imprisonment for a term exceeding one year and his rights to own or possess a firearm have not subsequently been restored.

     7. The firearm recovered was a Rossi .38 caliber revolver, model M68, serial number AA515407. A Special Agent for the Bureau of Alcohol, Tobacco, Firearms, and Explosives determined that this firearm was transported in and affected interstate and foreign commerce prior to July 22, 2009 and is a "firearm" as defined in Title 18, U.S.C. § 921(a)(3).

     8. The same ATF Special Agent determined that the firearm is in mechanical operating condition and that it is functional.

     9. Defendant possessed the marijuana with the intent to distribute it and possessed the firearm after being convicted of a felony.

     10. Defendant, CHRISTOPHER J. RUFFIN, committed the acts described herein unlawfully, knowingly, and willfully, and without legal justification or excuse with the specific intent to do that which the law forbids, and not by mistake, accident or any other reason.

(*Id.* ¶¶ 1–10 (spelling corrected).)

The Court conducted a Rule 11 colloquy and accepted Ruffin's guilty plea. (Dec. 4, 2009 Tr. 21–22, ECF No. 26.) On March 5, 2010, in accordance with the Plea Agreement, the Court sentenced Ruffin to a prison term of 240 months. (March 5, 2010 Sentencing Tr. 9, ECF No. 27.)

Ruffin appealed his conviction and sentence and in addition filed a *pro se* supplemental brief claiming ineffective assistance of counsel. *United States v. Ruffin*, 434 F. App'x 248, 249 (4th Cir. 2011). The United States Court of Appeals for the Fourth Circuit subsequently dismissed Ruffin's appeal in part, finding that Ruffin waived his right to appeal his conviction and sentence. *Id.* at 250.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate ineffective assistance of counsel, a convicted defendant must first show that counsel's representation was deficient, and, second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, a convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, the Court need not determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In the context of a guilty plea, the Supreme Court modified the second prong of *Strickland* to require a showing that "there is a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Ruffin's assertion that he would not have pled guilty if he had received better assistance from counsel is not dispositive of the issue. *See United States v. Mora-Gomez*, 875 F. Supp. 1208, 1214 (E.D. Va. 1995). Rather, "[t]his is an objective inquiry and [highly] dependent on the likely outcome of a

5

trial had the defendant not pleaded guilty." *Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir. 2007) (internal citation omitted) (citing *Hill*, 474 U.S. at 59–60). The Court looks to all the facts and circumstances surrounding a petitioner's plea, including the likelihood of conviction and any potential sentencing benefit to pleading guilty. *See id.* at 369–70.

Of course, in conducting the foregoing inquiry, the representations of the defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). "'[A] defendant's solemn declarations in open court affirming [a plea] agreement ... carry a strong presumption of verity,' [*United States v. White*, 366 F.3d 291, 295 (4th Cir. 2004)] (quoting *Blackledge*, 431 U.S. at 74, 97 S. Ct. 1621), because courts must be able to rely on the defendant's statements made during oath during a properly conducted Rule 11 plea colloquy." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (first and second alteration in original) (some internal quotation marks omitted) (citing *United States v. Bowman*, 348 F.3d 408, 417 (4th Cir. 2003)). Accordingly, the Fourth Circuit has admonished that "[i]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Id.* at 221–22.

## A. Ruffin's Potential Sentence in the Absence of the Plea Agreement

A career offender faces enhanced sentences under the U.S. Sentencing Guidelines. *See U.S. Sentencing Guidelines Manual* ("U.S.S.G.") § 4B1.1 (2008). If a defendant is convicted of 18 U.S.C. § 924(c) in addition to being found a career offender, the defendant is subject to stiff sentencing guideline ranges under § 4B1.1(c), which in relevant part provides:

> (2) In the case of multiple counts of conviction in which at least one of the counts is a conviction other than a conviction for 18 U.S.C. § 924(c) . . . , the guideline range shall be the greater of–
>
> (A) the guideline range that results by adding the mandatory minimum consecutive penalty required by the 18 U.S.C. § 924(c) . . . count(s) to the minimum and the maximum of the otherwise applicable guideline range determined for the count(s) of conviction other than the 18 U.S.C. § 924(c) . . . count(s); and
>
> (B) the guideline range determined using the table in subsection (c)(3).
>
> (3)  Career Offender Table for 18 U.S.C. § 924(c) . . . Offenders
>
> | §3E1.1 Reduction | Guideline Range for the 18 U.S.C. § 924(c) . . . Count(s) |
> |---|---|
> | No reduction | 360–life |
> | 2–level reduction | 292–365 |
> | 3–level reduction | 262–327. |

U.S.S.G. § 4B1.1(c)(2)–(3).

Ruffin qualified as a career offender. (Presentence Report ¶ 53.) Thus, had the Court convicted him on all three indicted counts, Ruffin would have been subject to

7

§ 4B1.1(c)(2), because he would have been a career offender convicted of § 924(c) in addition to possessing multiple counts of convictions (Counts One and Three) other than the § 924(c) conviction (Count Two). U.S.S.G. states that the greater of § 4B1.1(c)(2)(A) and (B)'s guideline ranges is the appropriate sentencing range for a defendant subject to § 4B1.1(c)(2). U.S.S.G. § 4B1.1(c)(A)&(B). Under § 4B1.1(c)(2)(A), the Court would have determined the applicable guideline range to be 228 to 270 months.[2] Under § 4B1.1(c)(2)(B), the Court would have determined Ruffin's guideline range to be 360 months to life.[3] Therefore by taking the greater of the two guideline ranges, Ruffin would have been subject to a sentencing guideline range of 360 months to life if he had gone to trial and had been convicted on all three counts. Because Ruffin accepted the Plea Agreement, his sentence was capped at 240 months. (Sentencing Tr. 8–9, ECF No. 27.)

### B. Likelihood of Ruffin's Conviction on Count Two

Ruffin contends that had counsel informed him that the Government lacked sufficient evidence to convict him under § 924(c), he would not have accepted the guilty plea and instead would have gone to trial. This aspect of Ruffin's claim lacks merit,

---

[2] Because Ruffin qualified as a career offender, he scored a level VI in the Criminal History Category. (Presentence Report, ¶ 53.) Therefore, Ruffin's sentencing range, without taking into account the § 924(c) conviction, would have been 168–210 months. U.S.S.G., Sentencing Table. The mandatory minimum sentence for § 924(c) is 60 months. 18 U.S.C. § 924(c)(1)(A)(i). Adding 60 months to the otherwise applicable guideline range, results in a guideline range of 228–270 months.

[3] If Ruffin had not pled guilty, he would not have received a 3-level reduction for acceptance of responsibility. Pursuant to the Career Offender table, the applicable sentencing guideline range for Ruffin would have been 360 months to life. U.S.S.G. § 4B1.1(c)(3).

8

because he fails to demonstrate that, but for any deficient advice of counsel, a reasonable defendant would have pled not guilty and proceeded to trial. *Hill*, 474 U.S. at 59. Had Ruffin insisted on going to trial the Government would have pursued the § 924(c) charge in Count Two that was dismissed pursuant to the terms of Ruffin's plea agreement. As explained below, if the Government had pursued the § 924(c) charge at trial, there is a high likelihood that the Government would have secured a conviction against Ruffin that would have resulted in a significantly longer sentence under the applicable sentencing guidelines.

In order to prove a violation of § 924(c) beyond a reasonable doubt, the Government must show that the defendant possessed a firearm and that the firearm "furthered, advanced, or helped forward a drug trafficking crime." *United States v. Lomax*, 293 F.3d 701, 705 (4th Cir. 2002). A reasonable fact finder must find a nexus between the possession of the firearm and the furtherance of the drug trafficking offense. *United States v. Ceballos-Torres*, 218 F.3d 409, 414–15 (5th Cir. 2000). Determining the requisite nexus between possession of a firearm and the drug trafficking offense is ultimately a factual question. *Lomax*, 293 F.3d at 705. The following facts are relevant to assessing whether a firearm was possessed to further the drug trafficking crime:

> "the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found."

9

*Id.* (quoting *Ceballos-Torres*, 218 F.3d at 414–415). Obviously, the possession of a firearm can further a drug trafficking offense by providing a defense against theft of drugs or drug profits. *Id.*

Based on the Statement of Facts, which Ruffin stipulated to "as true, correct, and accurate" (Statement of Facts, ¶¶ 1–10, ECF No. 13), a reasonable trier of fact could easily find the requisite nexus between Ruffin's possession of the firearm and the drug trafficking offense. The type of weapon seized was a Rossi .38 Revolver, which is small enough to be concealable during a drug deal. (*See id.* ¶ 2.) The firearm was loaded, in mechanical operating condition, and functional. (*Id.* ¶¶ 4, 8.) In addition to the firearm, the police seized a supply of ammunition. (*Id.* ¶ 4). A trier of fact could infer that because the firearm was operable, loaded, and supplied with ammunition, that Ruffin possessed it to protect and further his drug trafficking. *See United States v. Porter*, 206 F. App'x 260, 261 (4th Cir. 2006) (finding that a .45 caliber pistol with a fully loaded magazine, but empty chamber found near marijuana constituted possession of a firearm in furtherance of drug trafficking). The weapon was also accessible to Ruffin during his drug trafficking activities. (Reply Br. 3, ECF No. 45 (stating that the firearm was found behind the sofa in Ruffin's home); *see United States v. Bailey*, 329 F. App'x 439, 441 (4th Cir. 2009). Ruffin further admitted to the police that he knowingly possessed the firearm illegally due to his prior felony conviction, making the status of his possession illegitimate. (Statement of Facts at ¶ 5); *see Bailey*, 329 F. App'x at 441.

In addition, Ruffin states repeatedly in his § 2255 Motion that he possessed the firearm to defend his home against a home invasion. (*See, e.g.*, Mem. Supp. § 2255 Mot. 7, ECF No. 42.) A reasonable trier of fact would find that the probability of a home invasion was substantially increased by Ruffin's drug trafficking activity taking place in the residence, which would necessitate the possession of a firearm to deter any potential thefts. *See United States v. Jeffers*, 570 F.3d 557, 565–66 (4th Cir. 2009); *United States v. Clyburn*, 181 F. App'x 343, 347–48 (4th Cir. 2006). Thus a reasonable trier of fact could readily find beyond a reasonable doubt that the requisite nexus existed between Ruffin's possession of a firearm and his drug trafficking activity.

As previously explained, if Ruffin had been convicted of Count Two, he would have received an enhanced sentence due to the § 924(c) conviction and his career offender status. *See* U.S.S.G. § 4B1.1(c). Under the U.S.S.G.'s relevant provision, if Ruffin had been convicted of all three counts, he would have faced a sentencing guideline range of 360 months to life. *See* U.S.S.G. § 4B1.1(c)(2), (3). In addition, without the benefit of the Plea Agreement, Ruffin faced the strong possibility that his suspended state sentences would be revoked, resulting in an additional 159 of months of imprisonment. *See supra* note 1. Because Ruffin accepted the plea agreement, his sentence was capped at 240 months. (Sentencing Tr. 8–9, ECF No. 27.)

Due to the near certainty of a conviction on Count Two had the case proceeded to trial, and the substantial sentencing benefits Ruffin received from the Plea Agreement, Ruffin fails to demonstrate that a reasonable defendant in his position would have

insisted on going to trial. Accordingly, Ruffin fails to demonstrate any prejudice from counsel's actions, and his claim will be dismissed.

## V. CONCLUSION

The § 2255 Motion (ECF No. 42) will be denied and the action will be dismissed. An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Ruffin has not satisfied this standard. Accordingly, a certificate of appealability will be denied.

An appropriate Final Order will follow.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: May 9 2014
Richmond, Virginia